In the Matter of LAKE MICHIGAN TRANS–LAKE SHORTCUT, INC., d/b/a Lake Michigan Carferry, as owner and operator of the S.S. Badger, for Exoneration From or Limitation of Liability, Petitioner.

Civil Action 98–C–0052.

United States District Court, E.D. Wisconsin.

Jan. 24, 1999.

Richard A. Dietz, Paul D. Galea, Foster, Meadows & Ballard, Detroit, MI, for petitioner.

Kelly L. Centofanti, Aiken & Scoptur, Milwaukee, WI, for respondent.

**ORDER GRANTING CLAIMANTS' MOTION FOR STAY OF PROCEEDINGS AND LEAVE TO FILE ACTION IN STATE COURT, DISMISSING CLAIMANT DOUGLAS MITCHELL BOHN, and CLOSING ACTION FOR STATISTICAL PURPOSES**

REYNOLDS, District Judge.

## I. INTRODUCTION

This is an action under Admiralty Law for limitation of or exoneration from liability arising out of the death of Mrs. Edith Lambert, who died while a passenger aboard the Lake Michigan ferry S .S. Badger. Currently before the court is a motion to stay these proceedings and to grant claimants against the owners of the S.S. Badger leave to file a state court action regarding this incident. Also before the court is a stipulation to dismiss one of the claimants from this action.

## II. BACKGROUND

On July 22, 1997, Mrs. Lambert was found deceased in a sleeper bed on the S.S. Badger. On January 21, 1998, the ferry's owner, Lake Michigan Trans–Lake Shortcut, Inc., d/b/a Lake Michigan Carferry ("Lake Michigan Carferry"), filed a petition with this court to exonerate itself from or to limit its liability pursuant to the federal Limitation of Vessel Owner's Liability Act, 46 U.S.C. app. §§ 181–96 ("Limitation Act"), for any "damage, destruction, loss of life or injury to person or property, caused or resulting from" Mrs. Lambert's death. (Jan. 27, 1998 Am.Pet. ¶ 6.) Lake Michigan Carferry also filed a commercial hull survey indicating that the current market value of the S.S. Badger is $2.3 million. As security, Lake Michigan Carferry filed a letter indicating that CIGNA Property and Casualty Companies has agreed to pay the amount of any decree entered by the court or settlement between the parties in this action.

On March 5, the court entered an order aimed at facilitating these proceeding. The order required all claims arising from Mrs. Lambert's death to be filed in this proceeding and enjoined the institution of those claims in any other court. The order also required Lake Michigan Carferry to publish a notice in various newspapers informing all potential claimants to file claims with this court. Claims against Lake Michigan Carferry have now been filed by the Estate of Edith Lambert, and Mrs. Lambert's children and grandchildren, Ginger Lynn Hayes, Rachel Marie Hayes, John Michael Hayes, Katherine Ann Bohn, and Douglas Mitchell Bohn (collectively "the claimants").

## III. DISCUSSION

### A. Motion to Stay Proceedings and for Leave to File State Court Action

The claimants have filed a motion to stay these proceedings and to grant them leave to file a state court action regarding their claims. The claimants argue that under the "saving to suitors" clause of 28 U.S.C. § 1333(1), this court must permit them to bring their claims in the forum of their choice. In support of their motion, the claimants have filed a stipulation stating the following:

 1) that the aggregate value of their claims against Lake Michigan Carferry does not exceed the $2.3 million survey value of the S.S. Badger;

 2) that this court retains exclusive jurisdiction to determine all issues affecting the rights of Lake Michigan Carferry to exoneration from and limitation of liability pursuant to 46 U.S.C. app. §§ 181–96 and Rule (F) of the Supplemental Rules for Certain Admiralty and Maritime Claims;

 3) that the claimants waive any claim to *res judicata* in this action based upon any judgment, order or decree that may be entered in any other state court action;

 4) that the claimants will not execute upon any judgment, order or decree entered in any other action, prior to this court's resolution of these proceedings.

■ Federal law attempts to strike a balance between the right of shipowners to limit their liability in federal court, and the right of claimants to seek common-law remedies in the court of their choice. *See Complaint of McCarthy Brothers Co./Clark Bridge*, 83 F.3d 821, 826 (7th Cir.), *cert. denied sub nom., Campbell v. McCarthy Brothers Co./Clark Bridge*, —— U.S. ——, 117 S.Ct. 361, 136 L.Ed.2d 253 (1996). The Limitation Act "gives shipowners a right to seek limitation of liability in federal court for maritime injuries." *Id.* at 824. In general, federal courts have original jurisdiction over all civil actions arising in admiralty. 28 U.S.C. § 1333 provides, in part:

 The district courts shall have original jurisdiction, exclusive of the courts of the States, of:

 (1) Any civil case of admiralty or maritime jurisdiction, *saving to suitors* in all cases all other remedies to which they are otherwise entitled.

(emphasis added). However, the "saving to suitors" clause, emphasized above, gives claimants a limited right to pursue their claims in state court, subject to certain qualifications. Claimants may pursue an action against a shipowner in state court so long as that proceeding will not infringe the shipowner's rights under the Limitation Act. *See McCarthy Brothers*, 83 F.3d at 831. To assure the federal court having jurisdiction over the Limitation Act proceedings that such infringement will not occur, claimants may file an appropriate stipulation. At a minimum, claimants must stipulate that they "waive any claim of res judicata from the state court proceedings relevant to the issue of limited liability and concede the exclusive jurisdiction of the federal courts to determine all issues relating to limitation of liability." *Id.*

■ In the present case, the claimants have filed a stipulation satisfying the prerequisites for bringing a state court action. Lake Michigan Carferry does not object to the claimants' stipulation and agrees that the claimants should be allowed to proceed in state court. The court will grant the claimants' motion.

### B. Dismissal of Claimant Douglas Mitchell Bohn

On December 14, claimants filed a stipulation providing for the voluntary dismissal of Douglas Mitchell Bohn as a claimant in this action. Douglas Mitchell Bohn is a grandson of Mrs. Lambert. The stipulation was signed by Douglas Mitchell Bohn's legal guardian, Katherine Ann Bohn. Lake Michigan Carferry has not objected to the stipulation. The court will dismiss Douglas Mitchell Bohn from this action.

## IV. CONCLUSION

The motion by claimants for leave to file a state court action is **GRANTED**.

The court's March 5, 1998 injunction against instituting actions arising out of the

death of Edith Lambert is **LIFTED** as to claimants Estate of Edith Lambert, Ginger Lynn Hayes, Rachel Marie Hayes, John Michael Hayes, and Katherine Ann Bohn.

Pursuant to the stipulation filed on December 14, 1998, claimant Douglas Mitchell Bohn is **VOLUNTARILY DISMISSED** from this action.

The motion by claimants Estate of Edith Lambert, Ginger Lynn Hayes, Rachel Marie Hayes, John Michael Hayes, Katherine Ann Bohn, and Douglas Mitchell Bohn to stay this action is **GRANTED.**

Because there is no reason at this time to maintain this file in active status, this action is **STAYED,** and the clerk of court is instructed to submit a form JS–6 to the Administrative Office, thereby closing this action for statistical purposes.

Nothing in this order shall be considered a dismissal or disposition of this matter on the merits, and either party may reopen this action by making an appropriate motion to this court.

**SO ORDERED.**